JERRY Y. FONG, ESQ. (SBN 99673)
THE LAW OFFICE OF JERRY FONG
885 N. SAN ANTONIO ROAD, SUITE D
LOS ALTOS, CA 94022
650/559-1985
650/322-6779 fax
jf@jerryfong.com

Attorney for Defendant IGNACIO ESPINOZA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>IGNACIO ESPINOZA, et. al.,<br><br>　　Defendants | CASE NO: 20-CR-458 BLF<br><br>DEFENDANT IGNACIO ESPINOZA'S SUPPLEMENTAL SENTENCING MEMO, ADDRESSING THE ISSUE OF THE AVAILABILITY OF INTERMITTENT CONFINEMENT OPTIONS FOR SENTENCING<br><br>Date:　　August 6, 2024<br>Time:　　9:00 a.m.<br>Judge:　　Hon. Beth Freeman |

On July 2, 2024, at the sentencing hearing for Defendant Ignacio Espinoza, the issue of whether or not intermittent confinement is available as a sentencing option for Mr. Espinoza [under Sentencing Guideline §5F1.8 and as authorized by 18 USC §3563 (b)(10)].

§3563 (b)(10) provides that:

> Discretionary conditions.--The court may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant–
>
> remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of

1
DEF. ESPINOZA'S SUPPLEMENTAL SENTENCING MEMO RE INTERMITTENT CONFINEMENT

>imprisonment authorized for the offense, during the first year of the term of probation or supervised release;

Mr. Espinoza submits that intermittent confinement as defined in §3563 (b)(10) would be an excellent sentencing option, achieving the goals for sentencing and satisfying the §3553 (a)(2) factors as applied to his specific circumstances.

However, and unfortunately, after Mr. Espinoza's counsel researched the availability of intermittent confinement as an option for his sentence, his counsel learned the following:

- The BOP has a contract with Alameda County Sheriff's Office for maintaining the custody of federal detainees for the Northern District of California, but Alameda County no longer engages in or provides any programs which would fall within the intermittent confinement framework.  Due to COVID, the Alameda County's Sheriff's Office cancelled all work furlough, work weekend, or similar substitute custodial programs.  To date, the Office has not re-instituted any such program.  They are simply not available.
- The Santa Clara County Sheriff's Office currently maintains a robust program of work weekend, work furlough, and other Sheriff work program as alternatives to custodial confinement.  However, BOP does not have a contract with the Santa Clara County Sheriff's Office.
- It does not appear that BOP has a contract arrangement with any other Bay Area county Sheriff's Office.

Therefore, Mr. Espinoza regrettably reports that intermittent confinement as operated by a county sheriff's office is not available to him.

***However, he believes that he can be sentenced to serve time in a transitional housing facility in the Bay Area.***  The Taylor Street Facility is located at 111 Taylor Street, San Francisco.  It is a transitional housing facility.  Its website represents that it works with the BOP, as well as the state prison organization (CDCR), and other

pretrial and probation offices.

It has a fee requirement. For BOP inmates, the fee will be 25% of the inmate's income (presumably the income earned by that inmate while he/she resides at the Taylor Street Facility).

At the Taylor Street Facility, Mr. Espinoza will be able to continue to work at his family business, but his freedom would be severely restricted, living in a controlled environment and not at home.

Accordingly, due to the unavailability of an intermittent confinement option, Mr. Espinoza respectfully requests that the Court sentence him to a term of 12-18 months, to be served at the Taylor Street Facility of transitional housing.

DATED:   August 2, 2024            Respectfully submitted,

                             /S/
                       By JERRY Y. FONG,
                       Attorney for Defendant
                       IGNACIO ESPINOZA